IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

In re: **Sheldon, Gail Catherine**  ) Case No.
) 
) Chapter 13
SS# xxx-xx-9700  )
)
)
Debtor(s)  )

## NOTICE TO CREDITORS AND PROPOSED PLAN

The Debtor(s) filed for relief under Chapter 13 of the United States Bankruptcy Code on date petition was filed.

The filing automatically stays collection and other actions against the Debtor, Debtor's property and certain co-debtors. If you attempt to collect a debt or take other action in violation of the bankruptcy stay you may be penalized.

Official notice will be sent to creditors, which will provide the name and address of the Trustee, the date and time of the meeting of creditors, and the deadline for objecting to the plan. The official notice will include a proof of claim form.

A creditor must timely file a proof of claim with the Trustee in order to receive distributions under the plan. The Trustee will mail payments to the address provided on the proof of claim unless the creditor provides another address in writing for payments. If the claim is subsequently assigned or transferred, the Trustee will continue to remit payment to the original creditor until a formal notice of assignment or transfer is filed with the Court.

CHAPTER 13 PLAN SUMMARY

**I.   Plan Payments**

The plan proposes a payment of $ **1,225.00** per month for a period of **48** months. The Debtor(s) shall commence payments to the Trustee within thirty (30) days from the date the petition was filed.

**II.   Administrative Costs**

   **1.   Attorney fees.**

      **XX**   The Attorney for the Debtor will be paid the base fee of $3,700.00. The Attorney has received $ **0.00** from the Debtor pre-petition and the remainder of the base fee will be paid monthly by the Trustee as funds are available, after scheduled monthly payments to holders of domestic support obligations and allowed secured claims.

2. **Trustee costs.**

The Trustee will receive from all disbursements such amount as approved by the Court for payment of fees and expenses.

III. Priority Claims

All pre-petition claims entitled to priority under section 11 U.S.C. 507 will be paid in full in deferred cash payments unless otherwise indicated.

1. **Domestic Support Obligations ("DSO")**

a. __X__ None

b. The name, address, and phone number, including area code, of the holder of any DSO as defined in §101(14A) is as follows:

| Name of DSO Claimant | Address | Telephone# |
|---|---|---|
| | | |

c. All **post-petition** DSO amounts will be paid directly by the Debtor to the holder of the claim and not by the Trustee.

d. Arrearages owed to DSO claimants under §507(a)(1)(A) not presently paid through wage garnishment will be paid by the Trustee as follows:

| Name of DSO Claimant | Est. Arrearage Claim | Monthly Payment |
|---|---|---|
| | | |

2. **Other priority claims to be paid by Trustee**

| Creditor | Estimated Priority Claim |
|---|---|
| IRS | $6,000 |
| NC Dept. Of Revenue | $3,411 |

### IV. Secured Claims

1. Real Property Secured Claims

   a. ___ None

   b. All payments on any claim secured by real property will be paid by the Trustee unless the account is current, in which case the Debtor may elect to continue making mortgage payments directly. Arrearage claims will be paid by the Trustee as separate secured claims over the term of the plan, without interest.

| Creditor | Property Address | Residence or Non-Residence (R/NR) | Current (Y/N) | Monthly Payment | Arrearage Amount | If Current Indicate Payment by Debtor (D) or Trustee (T) |
|---|---|---|---|---|---|---|
| **Wells Fargo** | **108 Rivers Bend Dr.** | **R** | **N** | **$711** | **$8,850** | **T** |

2. **Personal Property Secured Claims**

   a. _X_ None

   b. Claims secured by personal property will be paid by the Trustee as follows:

| Creditor | Collateral | Secured Amount | Purchase Money (Y/N) | Under-Secured Amount | Pre-confirmation adequate protection payment per §1326(a)(1) | Post confirmation equal monthly amount (EMA) | Proposed interest rate |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

The Trustee will disburse pre-confirmation adequate protection payments to secured creditors holding allowed purchase money secured claims. Claims having a collateral value of less than $2,000.00 will not receive adequate protection payments.

*To the extent that the valuation provisions of 11 U.S.C.§506 do not apply to any of the claims listed above, the creditor's failure to object to confirmation of the proposed plan shall constitute the creditor's acceptance of the treatment of its claim as proposed, pursuant to 11 U.S.C.§1325(a)(5)(A).*

3.  **Collateral to be Released**

    The Debtor proposes to release the following collateral:

Creditor                    Collateral to be Released

4.  **Liens to be Avoided**

    The Debtor pursuant to 11 U.S.C. §522 proposes to avoid the following liens on property to the extent that such liens impair the Debtor's exemption:

Lien Creditor               Property

**One Main Financial**      **1995 Honda Civic (NPMSI Loan)**

V.  **Co-Debtor Claims**

    The Debtor proposes to separately classify for payment in full the following claims   for consumer debts on which an individual is liable with the Debtor:

Creditor        Co-Debtor        Interest Rate        Monthly Payment

**none**

VI. **General Unsecured Claims Not Separately Classified**

    General unsecured claims will be paid on a pro-rata basis, with payments to    commence after priority claims are paid in full. The estimated dividend to general unsecured claims is **0** %.

**VII.** **Executory Contracts/Leases**

    a. **X** None

    b. The following executory contracts and/or leases will be rejected:

| Creditor | Nature of lease or contract |
|---|---|
| | |

    c. The following executory contract and/or leases will be assumed. The Debtor will pay directly all lease payments which come due from the petition date until confirmation of the plan. Upon confirmation, payments will be paid as follows:

| Creditor | Nature of Lease or Contract | Monthly payment | Monthly payment paid by Debtor(D) or Trustee (T) | Arrearage amount | Arrearage paid by Debtor (D) or Trustee (T) | Arrearage monthly payment |
|---|---|---|---|---|---|---|
| | | | | | | |

**VII.** **Special Provisions**

    a. **X** None

    b. Other classes of unsecured claims and treatment:

    c. Other Special Terms:

Date: **January 25 , 2013**  /s/Phillip E. Bolton
Phillip E. Bolton  SB #12326NC
Attorney for the Debtor
P.O. Box 10247
Greensboro, NC 27404
(336) 294-7777

UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

In Re:
Sheldon, Gail Catherine

Case No. B-_____ C-13____

SS#   xxx-xx-9700

                    Debtor(s)

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the Notice to Creditors and Proposed Plan was served by first class mail, postage pre-paid, to the following parties at their respective addresses:

see attached matrix


Date: January 25, 2013               /s/Phillip E. Bolton

Employment Security Commission
Attn: Tax Dept.
P.O. Box 26504
Raleigh, NC 27611-6504


Hutchens Senter & Britton
P.O. Box 1028
Fayetteville, NC 28311


Internal Revenue Service
P.O. Box 21126
Philadelphia, PA 19114


Moses Cone Health System
P.O. Box 26580
Greensboro, NC 27415-6580


NC Dept. of Revenue
P.O. Box 1168
Raleigh, NC 27640


Randolph Co. Tax Dept.
725 McDowell Road
Asheboro, NC 27203


Solstas Lab Partners
P.O. Box 35907
Greensboro, NC 27425


Triad Heating & Cooling
3297 Old Cedar Falls Road
Asheboro, NC 27203


Wells Fargo Bank, N.A.
3476 Stateview Boulevard
Fort Mill, SC 29715